IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 8:13CR304 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| ARNOLDO PEREZ-MELCHOR, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the court on Defendant Arnoldo Perez-Melchor's Motion to Sever Counts, Request for Evidentiary Hearing and Oral Argument (#16). The defendant is charged in a two-count indictment with reentry of a removed alien after felony conviction and failure to register as a sex offender.

The government responds (#21) that had Arnoldo Perez-Melchor not illegally re-entered the country, the alleged "same act or transaction" violation would not have occurred.

Fed.R.Crim.P. 8(a) permits the Government to charge multiple counts in a single indictment, provided the offenses charged are (1) of the same or similar character, (2) are based on the same act or transaction, or (3) are connected with or constitute parts of a common scheme or plan. Joinder is proper if one of these three are met. Thus, Rule 8 generally favors joinder "to promote the efficient administration of justice." *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008). Joint trials, on all counts of an indictment, are generally preferable for several reasons. First, separate trials necessarily involve a certain degree of "inconvenience and expense." *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003). Second, trying all counts together serves the important function of giving "the jury the best perspective on all of the evidence," thereby increasing the

likelihood that the jury will reach "a correct outcome." *Id.* In this case, I find Arnoldo Perez-Melchor's motion for severance based on Rule 8(a) should be granted. When compared to the other count, Count I is not of the same or similar character, is not based on the same act or transaction, or connected with or constitute part of a common scheme or plan. Under the government's theory of the case that the crimes could not have been committed if Perez-Melchor had not re-entered, any and all offenses committed by him would be properly joined under one indictment. I do not believe that such a conclusion is warranted. I find the Rule requires that there be some common activity involving the defendant embracing all charged offenses. *United States v. McKuin*, 434 F.2d 391, 395-96 (8th Cir. 1970), *cert. denied*, 401 U.S. 911, 91 S.Ct. 875, 27 L.Ed.2d 810 (1971).

**IT IS ORDERED:**

1. Defendant Arnoldo Perez-Melchor's Motion to Sever Counts (#16) under Fed.R.Crim.P. 8(a) is granted, and Count I of reentry of a removed alien after felony conviction is severed from Count II, failure to register as a sex offender.

2. The Clerk of the Court shall amend the records of the court to show the severance of Count I, said count to be a separate charge.

3. A party may object to a magistrate judge's order by filing an "Objection to Magistrate Judge's Order" within 14 days after being served with the order. The objecting party must comply with all requirements of NECrimR 59.2.

Dated this 4th day of October 2013.

BY THE COURT:

s/ F.A. Gossett, III
United States Magistrate Judge